Eastern District of Kentucky
FILED

FEB 22 2011

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 09-159-HRW

MICHAEL LUCAS,                               PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,      DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff protectively filed his current application for disability insurance benefits and supplemental security income benefits on January 30, 2007, alleging disability beginning on June 1, 2006, due to heart problems and back and muscle damage (Tr. 103). This application was denied initially and on reconsideration.

On December 3, 2008, an administrative video hearing was conducted by Administrative Law Judge Charles Arnold(hereinafter "ALJ"), wherein Plaintiff testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 10, 2009, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 45 years old at the time of the hearing decision. His past relevant work experience consists of work as a machine operator.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 11).

The ALJ then determined, at Step 2, that Plaintiff suffers from right torn rotator cuff and osteoarthritis, L5-S1 disc space, L4-L5 discs and hypertension, which he found to be "severe" within the meaning of the Regulations (Tr. 11-12).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 12-13).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 17) but determined that he has the residual functional capacity ("RFC") to perform a full range of sedentary work (Tr. 13-17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 10).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 30, 2009(Tr. 798-799).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 14, 15 and 16 and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly concluded that his limited ability to reach and operate controls would not compromise his ability to perform sedentary work and (2) the ALJ improperly relied upon the Medical Vocational Guidelines without the assistance of a vocational expert.

C.  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly concluded that his limited ability to reach and operate controls would not compromise his ability to perform sedentary work.

Social Security Ruling (SSR) 96-9p, 1996 WL 374185 (S.S.A.) (1996) describes the manipulative abilities necessary to perform sedentary range of work. *Id.* at *8. According to SSR 96- 9p, "[m]ost unskilled sedentary jobs require good use of both hands and fingers." *Id.* The inability of an individual to handle and work with small objects will significantly erode the unskilled sedentary

occupational base. *Id.* SSR 83-14, 1983 WL 31254 (S.S.A) (1983) uses similar language, emphasizing the importance hands and fingers are to the performance of sedentary work. *Id.* at *2.

Moreover, SSR 85-15, 1985 WL 56857 at *2 (S.S.A) (1985) describes "the fine movement of small objects" as being done in "much sedentary work." *Id.* This fine movement "require[s] the use of the fingers to pick, pinch, etc." *Id.*

Additionally, SSR 85-15 explains that limitations in fine manual dexterity have greater significance as exertional RFC decreases. *Id.* Thus, loss of fine manual dexterity narrows the range of sedentary work significantly. *Id.*

This is not the case here. There is no credible evidence in the record, nor does Plaintiff claim, an inability to use his hands and fingers. Although Plaintiff is limited in his ability to reach with his right arm, there is no credible evidence in the record which establishes a similar impairment in his left arm.

Because Plaintiff retains the ability to reach with his left shoulder, and has no limitations in fine manual dexterity, the ALJ did not err in finding Plaintiff could perform the full range of sedentary work. *See* SSR 85-15.

Plaintiff's second claim of error is that the ALJ improperly relied upon the Medical Vocational Guidelines without the assistance of a vocational expert.

When a claimant's vocational characteristics coincide with the factors of a rule in the Medical-Vocation Guidelines, the existence of jobs in the national economy is established. 20 C.F.R. § 1569. In this case, Plaintiff, a 45 year-old with a limited education, satisfies Rule 202.25 of the guidelines. The Court finds no error in this regard.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __16__ day of February, 2011.

_____
Henry R. Wilhoit, Jr., Senior Judge